George C. Clinton
vs.            No. 83303.
Joseph H. Grimes

August 1, 1932.

CHURCHILL, J. Heard, jury trial waived.

This is an action to recover for money loaned the defendant.

The defendant was the lessee of a suite of offices wherein he and other attorneys, including the plaintiff, carried on the practice of their profession. The defendant alone was liable to the landlord on the lease and was alone liable to third parties for stenographic services, telephone and electric light service, and all the other usual expenses incurred.

The exact nature of the contract between the parties is not clear, particularly as to the length of time it was to run, but the original arrangement, shown by the acts of the parties and their testimony, was this: the plaintiff paid to the defendant one-third of his gross professional income as a contribution not only for the use and occupation of his office in the suite but also as a contribution towards the overhead expenses. From time to time during 1926 and 1927, the plaintiff advanced to the defendant, at his request, various sums for expenses over and above the agreed contribution of one-third of his gross income. The defendant admitted in writing that he owed the plaintiff on this account on October 19th, 1926, the amount of $1,147.17. Of this amount $250 was paid on October 22, 1927, and the defendant established a further credit of $189.19.

The defendant has filed a plea in set-off, claiming that the plaintiff in 1928 agreed to pay him $1,200 for use and occupancy of an office and that he has breached this contract.

What in reality is set up is the breach of an executory contract, the

proof showing that in April, 1928, the plaintiff vacated the office he was occupying in the suite and did not after that time make any payments to the defendant.

Argument has been advanced that the breach of an executory contract cannot be set up under a plea of set-off. In view of the facts as found by the Court, it is not necessary to decide this point.

The arrangement in force in 1926 and 1927 was modified early in 1928. After some discussion between the parties, the amount of the plaintiff's contribution was changed from a contribution of one-third to a payment at the rate of $125 a month. Its scope was the same as before. It covered the use and occupation and more, as it embraced payments towards the general office expenses, the defendant, as before, remaining liable as to third parties.

The testimony is in direct conflict as to the length of time the agreement was to run. The defendant maintains it was for a period of the year 1928, while the plaintiff denies this and takes the position that the understanding was that it was to be his contribution as long as he continued to be associated with the defendant but that no time was ever fixed, either originally or at the time the agreement was changed, in regard to the amount of his contribution.

The arrangement, whatever its precise terms, continued until April, 1928, when the plaintiff gave the defendant a check for $62.50, vacated his occupation of the suite and terminated his association with the defendant. The defendant accepted the check and cashed it. It was not until July 28th, 1928, that the defendant claimed that the plaintiff was under any further obligation to him, the plaintiff having written several letters demanding payment of the balance due him on account of the advances made in 1926 and 1927

to the defendant. The letter of July 28th, in fact, does not make any clear and explicit claim that the agreement was for the term of one year, or that it embraced the payment of $1,200, as alleged in the plea.

The burden of proof in a plea of set-off is on the defendant, and on the state of the evidence the Court is of the opinion that the defendant has not sustained such burden.

Interest according to the memorandum of October 19, 1927, was to be at the rate of 4% on $200 from May 23, 1927. The loan of October 19th, 1927, of $250, was paid on October 22, 1927.

Decision for the plaintiff for $749.98.

For plaintiff: William W. Blodgett.

For defendant: William H. Mulligan, Herbert E. Eklund.